IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCELINO CENTENO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. 1:17-cv-05233 |
| | ) | |
| LVNV FUNDING, LLC and RESURGENT | ) | Hon. Sara L. Ellis |
| CAPITAL SERVICES, L.P., | ) | Hon. Maria Valdez |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO REASSIGN AND CONSOLIDATE CASES**

Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, L.P. ("Resurgent") (collectively, "Defendants") move the Court to consolidate this case with the following cases:

- Case No. 1:17-cv-05693; *Jeanette Akins v. LVNV Funding, LLC and Resurgent Capital Services, L.P.* (Assigned to Judge Kennelly);

- Case No. 1:17-cv-05897; *Laura Lemke v. LVNV Funding, LLC and Resurgent Capital Services, L.P.* (Assigned to Judge Dow); and

- Case No. 1:17-cv-06098; *Cordell Johnson v. LVNV Funding, LLC and Resurgent Capital Services, L.P.* (Assigned to Judge Kendall).

In support of such motion Defendants would respectfully show the following:

1

## 1. Background

This action and each of the related actions arises under the FDCPA. Each plaintiff is represented by the same counsel and asserts the same theories of liability. Each plaintiff's claim is based upon a letter sent by attorney Celetha Chatman to LVNV Funding, LLC. Each such letter contains the following statement, on which each of the plaintiffs bases his or her claims:

> This client regrets not being able to pay, however, at this time they are insolvent, as their monthly expenses exceed the amount of income they receive, and the debt reported on the credit report is not accurate.

*See Cennteno* Document 1-1, p. 10; *Akins* Document 1-1, p. 10; *Lemke* Document 1, p. 10; *Johnson* Document 1-1, p. 6.[1]

Identical issues of liability and defenses will be tried in each case. An identical issue of ambiguity exists in each case with regard to Ms. Chatman's letter. In each case Ms. Chatman will be a material fact witness as to the affirmative defense of failure to mitigate.

## 2. Authority for Consolidation

Local Rule 40.4 allows parties to request the reassignment of a later-filed case to a judge presiding over an earlier-filed, related case. Cases are "related" if at least one of the following conditions is satisfied

(1)     the cases involve the same property;

(2)     the cases involve some of the same issues of fact or law;

(3)     the cases grow out of the same transaction or occurrence; or

(4)     in class action suits, one or more of the classes involved in the cases is or are the same.

L.R. 40.4(a).

---

[1] Pursuant to L.R. 40.4(c), a copy of each Complaint and the accompanying exhibits is provided as Exhibits A – D to this motion, all of which are incorporated herein by reference.

In this case the relatedness requirement is satisfied because the cases involved many of the same issues of law and fact. Each case asserts that the identical sentence in the letter from Ms. Chatman gave rise to identical alleged statutory violations under the FDCPA and the ICAA. In each case LVNV is the creditor. In each case LVNV is the creditor/defendant to whom the letter at issue was addressed, and in each case it is LVNV's alleged failure to modify its credit report in response to the letter that is the basis of the plaintiff's claims.

A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

(1)     both cases are pending in this Court;

(2)     the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3)     the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4)     the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). Each of these requirements is satisfied. All four cases are pending in this district. The common liability and defensive issues will cause the handling of all four cases by the same judge to save substantial time and effort. The cases have all been answered in the last thirty days, and a motion for summary judgment that disposes of ay one of the cases would be capable of disposing of all four. The primary issue that is different in each case is the amount of actual damages, if any, to which the plaintiff maybe entitled, as the FDCPA statutory damages in each case are identically capped at $1,000.

FED. R. CIV. P. 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court…it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary

costs or delay." Consolidation is meant to promote judicial efficiency. *McKnight v. Illinois Cent. R. Co.*, No. 09-201, 2009 U.S. Dist. LEXIS 49539, 2009 WL 1657581 at *1 (S.D. Ill. 2009).[2] When cases "involve common questions of fact, and share some identical questions of law" they are "prime subjects for consolidation ..." *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970). *See, also, Midwest Community, Inc. v. Chicago Park District*, 98 F.R.D 491, 499 (N.D. Ill. 1983) (the purpose of consolidation under Rule 42(a) is "to promote convenience and judicial economy") (*citing Johnson v. Manhattan Railway Co.*, 284 U.S. 479, 496-97 (1973)).

Consolidation is also appropriate where there is a risk of inconsistent rulings, when the defenses asserted in the cases are the same, and when there is a substantial overlap in discovery in both cases. *See, e.g.*, *Tipsword v. IFDA Services, Inc.*, Nos. 09-390, 09-1008, 2010 U.S. Dist. LEXIS 37053 (S.D. Ill., April 14, 2010); *Pactiv Cofarp. v. Multisorb Techs., Inc.*, 2011 U.S. Dist. LEXIS 15991 (N.D. Ill. Feb. 15, 2011). Each of those circumstances is present in this case.

Consolidation of the *Centeno*, *Akins*, *Lemke*, and *Johnson* cases is appropriate because trial of the cases will involve the same issues of law and fact, discovery in all four cases is also likely to overlap. Judicial economy strongly favors a single resolution of the common claims and defenses. Absent consolidation there is a risk of inconsistent rulings on the claims and defenses asserted in each case that is only likely to lead to consolidated appeals.

---

[2] *McKnight* recognizes that consolidation should not be allowed if prejudice to any of the parties outweighs judicial efficiency. However, no such prejudice would arise from consolidation of the four cases.

**<u>Conclusion</u>**

Defendants pray that the Akins, Lemke, and Johnson cases be reassigned to Judge Ellis and that those cases be consolidated with this one for all purposes. Defendants further pray for all such other relief as to which they may be justly entitled.

Respectfully submitted,

**/s/ Manuel H. Newburger**
Manuel H. Newburger, Esq.
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Telephone: (512) 649-4022
Facsimile: (512) 279-0310
E-mail: mnewburger@bn-lawyers.com
*Attorneys for Defendant*

**/s/ Corinne C. Heggie**
Corinne C. Heggie, Esq.
Illinois Bar No. 6276412
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, Illinois 60606
Telephone: (312) 726-6000
E-mail: cheggie@scharfbanks.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing motion was served via ECF on the following counsel of record on the 18th day of September, 2017:

Michael Jacob Wood, Esq.
Celetha Chatman, Esq.
Community Lawyers Group, Ltd.
73 W. Monroe Street, Suite 502
Chicago, IL 60603
E-mail:  mwood@communitylawyersgroup.com
E-mail:  cchatman@communitylawyersgroup.com
*Attorneys for Plaintiff*

**/s/ Corinne C. Heggie**
Corinne C. Heggie, Esq.