# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARCELINO CENTENO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-5233 |
| | ) | |
| v. | ) | |
| | ) | Hon. Sara L. Ellis |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) ) ) | |
| Defendants. | ) | |
| JEANETTE AKINS | ) ) | Case No. 17-cv-5693 |
| Plaintiff, | ) ) | |
| v. | ) | Hon. Matthew F. Kennelly |
| | ) | |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) ) ) | |
| Defendants. | ) | |
| LAURA LEMKE, | ) ) | |
| Plaintiff, | ) ) | Case No. 17-cv-5897 |
| v. | ) ) | Hon. Robert M. Dow |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) ) ) | |
| Defendants. | ) | |
| CORDELL JOHNSON, | ) ) | |
| Plaintiff, | ) | Case No. 17-cv-6098 |
| v. | ) ) | Hon. Virginia M. Kendall |
| LVNV FUNDING, LLC | ) ) | |
| Defendant. | ) | |
| HALINA PLEWA, | ) | |

|  |  |  |
|---|---|---|
| Plaintiff, | ) | Case No. 17-cv-06676 |
| v. | ) |  |
|  | ) | Hon. Charles Norgel Sr. |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) ) ) |  |
| Defendants. |  |  |

### PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

NOW COMES the Plaintiffs, Marcelino Centeno, Jeanette Akins, Halina Plewa and Cordell Johnson, by and through their counsel, Community Lawyers Group, Ltd., and hereby respectfully moves this Honorable Court to issue an protective order barring Defendants from conducting the depositions of Plaintiffs on December 12, 2017 and December 13, 2017. In support thereof, Plaintiff states as follows:

### INTRODUCTION AND FACTUAL BACKGROUND

1. The above referenced cases were consolidated on November 29, 2017. (Dkt. #28)

2. On December 1, 2017, Defendants noticed up the Depositions of Halina Plewa for December 12, 2017 at 9:00 am CT.

3. On December 1, 2017, Defendants notice up the Deposition of Marcelino Centeno for December 12, 2017 at 1:00 pm CT.

4. On December 1, 2017, Defendants noticed up the Depositions of Jeanette Akins for December 12, 2017 at 9:00 am CT.

5. On December 1, 2017, Defendants noticed up the Depositions of Cordell Johnson for December 13, 2017 at 1:00 pm CT.

6. Ms. Plewa was unavailable on December 12, 2017.

7. Defendants did not notice up the deposition of Laura Lemke.

8. Defendants gave Plaintiffs and Plaintiff's counsel less than two weeks to try and schedule four depositions in one two-day span.

9. All Plaintiffs were not able to be deposed on December 12, 2017 and December 13, 2017.

10. Plaintiff's counsel proposed the following alternative date and times for Plaintiffs' depositions, Cordell Johnson for December 12, 2017 at 1:00 pm; Laura Lemke for December 13, 2017 at 9:00 am; Marcelino Centeno for December 13, 2017 at 1:00 pm , and Jeanette Akins for December 14, 2017, and Halina Plewa to be taken in January of 2018.

11. Plaintiff's counsel offered up the deposition of a fifth plaintiff, Laura Lemke, in the consolidated matters, to also proceed on December 13, 2017, the same two-day span requested by Defendant.

12. Plaintiff's counsel offered three depositions in the originally requested two-day span.

13. Plaintiff's counsel gave Defendant alternative dates and times for the depositions of four Plaintiffs, three on days that Defense counsel stated it was available, and a fourth to be taken the following day.

14. Defendants stated that they were unwilling re-notice the depositions of Plaintiffs' unless all **four** originally noticed depositions all took place on December 12, 2017, and December 13, 2017. (See, Exhibit A, Defendant's Email to Plaintiff's Regarding LVN Depositions).

15. Defendants stated that it was an "all-or- nothing" offer, and that "Plaintiffs face motions for sanctions who do not appear for their depositions." (See, Exhibit A, Defendant's Email to Plaintiff's Regarding LVN Depositions).

16. Defendants' "all or nothing" approach to the depositions of four separate Plaintiffs is wholly inappropriate and demonstrates a callous disregard for both the Plaintiffs' and Plaintiff's counsel's time and resources, as all five Plaintiffs have different work schedules and availability.

17. Defendant's refusal to compromise does not comport with Local Rule 37.2.

18. In an effort to compromise, Plaintiff was able to make available 3 of the 4 plaintiffs in the two-day span requested by Defendant, in addition to a fifth Plaintiff, all with less than two weeks' notice.

19. Defendant's refusal to take four depositions because one could not be arranged is unreasonable.

20. Defendant's threat to seek sanctions if all original depositions cannot proceed as noticed, even after Plaintiffs' counsel worked to make four of the five Plaintiffs available, is also unreasonable.

21. As Plaintiffs cannot meet Defendant's all or nothing demand, Plaintiff asks that the court enter an Order barring Defendant from taking any depositions as noticed for the week of December 11, 2017.

22. Plaintiff's counsel is willing to provide for new dates for depositions to take place in January, prior to the close of discovery, but asks that the Court order Defendant to confer and to compromise on availability based on Plaintiffs' availability, or in the alternative, to seek local counsel to conduct its depositions.

23. Defendants are collectively worth hundreds of millions of dollars, and all Defendants have routinely relied on local counsel to litigate matters filed in this District;

Defendants' insistence that five individual Plaintiff's arrange their schedules to accommodate a single attorney from the Texas is puzzling, and unreasonable.

24. Plaintiffs and Plaintiffs' counsel approached the scheduling of depositions in good faith and were fully prepared to cooperate in the proper Rule 30 questioning of Plaintiffs.

25. Rule 26(c)(1) permits a party or any person from whom discovery is sought to move the court for a protective order.

26. The court may issue an order to protect a party from annoyance, oppression, undue burden, expense by forbidding the disclosure or discovery, forbidding inquiry into certain matters, designating persons who may be present while the discovery is conducted, requiring that a deposition be sealed and opened only on court order, requiring that a trade secret or other confidential research, development, or commercial information not be revealed, and requiring that the parties simultaneously file specified documents in sealed envelopes which has to be opened as the court directs.

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that this Honorable Court enter an Order barring Defendants from conducting the depositions of Plaintiff's on December 12, 2017 and December 13, 2017 and any and all further relief deemed just and appropriate.

Respectfully Submitted,

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

**Dated: December 11, 2017**

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603

Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 11, 2017, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                        By: s/*Celetha Chatman*
                                        One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.co,