**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARCELINO CENTENO, | ) | Case No. 17-CV-05233 |
| | ) | |
| Plaintiff, | ) | Hon. Sara L. Ellis |
| v. | ) | Magistrate Judge: Maria Valdez |
| | ) | |
| LVNV FUNDING, LLC and RESURGENT | ) | |
| CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JEANETTE AKINS | ) | Case No. 17-CV-05693 |
| | ) | |
| Plaintiff, | ) | Hon. Matthew F. Kennelly |
| v. | ) | Magistrate Judge: Jeffrey T. Gilbert |
| | ) | |
| LVNV FUNDING, LLC and RESURGENT | ) | |
| CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LAURA LEMKE, | ) | Case No. 17-CV-05897 |
| | ) | |
| Plaintiff, | ) | Hon. Robert M. Dow |
| v. | ) | Magistrate Judge: Mary M. |
| | ) | Rowland |
| LVNV FUNDING, LLC and RESURGENT | ) | |
| CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CORDELL JOHNSON, | ) | Case No. 17-CV-06098 |
| | ) | |
| Plaintiff, | ) | Hon. Virginia M. Kendall |
| v. | ) | Magistrate Judge: Sheila M. |
| | ) | Finnegan |
| LVNV FUNDING, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1

| | | |
|---|---|---|
| HALINA PLEWA | ) | Case No. 17-CV-06676 |
| | ) | |
| Plaintiff, | ) | Hon. Charles R. Norgle, Sr. |
| | ) | Magistrate Judge: Daniel G. Martin |
| v. | ) | |
| | ) | |
| LVNV FUNDING, LLC and RESURGENT | ) | |
| CAPITAL SERVICES, L.P. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' RESPONSE OPPOSING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL AKINS, CENTENO, AND PLEWA'S DEPOSITIONS**

## I. INTRODUCTION

Less than 24 hours before Ms. Plewa's deposition, Plaintiffs' counsel advised she and her clients would not comply with Defendants' deposition notices for four of the five Plaintiffs served via email eleven days earlier and, when Defendants would not acquiesce to their eleventh-hour non-compliance, moved for a protective order barring Plaintiffs' depositions on December 12, 2017 and December 13, 2017.[1]  (Doc. No. 29 p. 5)  Plaintiffs' non-compliance with Defendants' timely and lawful deposition notices is consistent with Plaintiffs' stonewall discovery tactic that has persisted for over two months.  (Group Exhibit 1)

As evidenced by correspondence in Group Exhibit 1, Defendants' repeatedly requested dates for Plaintiffs' depositions so as to comply with this Court's scheduling order before the February 12, 2018 discovery close date.  (Doc. No. 17)    However, Plaintiffs' counsel only provided one date, November 7, for Ms. Johnson's deposition.  For the first time on December 11, and only in response to a threat of sanctions for non-compliance with Defendants' deposition

---

[1] This was done after it was too late for Mr. Newburger to cancel his hotel reservation, and after he had purchased non-refundable plane tickets.

notices, Plaintiffs' counsel finally proposed January 2018 dates for Ms. Lemke, Ms. Akins, and Mr. Centeno. Plaintiffs' counsel has never offered a date for Ms. Plewa's deposition.

It defies law and logic for Plaintiffs to ask this Court to bar their depositions when Plaintiffs do not argue Defendants' deposition notices are improper, violate any federal or local rule, or are untimely and each Plaintiff came to court to sue Defendants for state and federal law violations seeking actual, statutory and punitive damages. Defendants are entitled to depose Plaintiffs and tried to do so by agreement for over two months.

After the filing of the motion for a protective order, Ms. Heggie secured an agreement for the depositions of Plaintiffs Johnson, Lemke, and Centeno to be deposed on December 12 and 13. (Group Exhibit 1 PO_000004-5) (Mr. Newburger was already in the air on his way to Chicago, and it seemed better to take three of the plaintiffs' depositions, even though they were not what was requested nor in the order planned by Mr. Newburger.) Although Ms. Johnson and Ms. Lemke were deposed last week, Ms. Chatman sent an email 28 minutes before the scheduled start of Mr. Centeno's deposition, canceling it for unspecified reasons. *Id.* at PO_000002. Defendants remain unwilling to sacrifice compliance with the Court's discovery schedule because Plaintiffs and their counsel do not want to participate in discovery. For these reasons, and the reasons set forth below, Plaintiffs' motion for protective order should be denied and Ms. Plewa, Mr. Centeno, and Ms. Akins' depositions must be compelled pursuant to the Amended Notices of Deposition served December 13, 2017 and Federal Rule 37 to avoid an almost inevitable third attempt by Plaintiffs to evade testifying at the eleventh hour.

## II. ARGUMENT

### A.    Legal Standard and Summary of Defendants' Argument.

This court has broad discretion over pretrial discovery rulings.  *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigeration & Air Conditioning Engineers, Inc*. 755 F.3d 832, 837 (7th Cir. 2014).  Pursuant to Rule 26(c)(1), a court for good cause may limit the scope of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1); *United States ex rel. Ceas v. Chrysler Grp. LLC*, 191 F. Supp. 885, 887 (N.D.Ill. 2016) (denying motion for protective order when movant did not meet Rule 26(c) burden).  However, before restricting discovery, "the court should consider the 'totality of the circumstances, weighing the value of the material sought against the burden of providing it.'" *Patterson v. Avery Dennison Corp*., 281 F3 676, 681 (7th Cir. 2002) (citations omitted).

Here, Plaintiff's motion fails to comply with the Court's standing order for discovery motions which is fatal to the motion and requires that it be denied.  Also, Plaintiffs make no good cause showing of annoyance, embarrassment, oppression, or undue burden or expense to demonstrate that barring their depositions when they were timely and lawfully noticed comports with Rule 26(c).  In fact, Plaintiffs provide no actual reason for their unavailability.  Defendants recognize that making time on a weekday to be deposed is probably not convenient, but it is certainly not convenient for Defendants to have to defend this suit.  Despite the efforts of Defendants' counsel to depose four of the five plaintiffs before the end of December, only two have been deposed.  Plaintiffs' attorneys have insisted that Plaintiffs Centeno and Akins are not available until January 24.  (Group Exhibit 1 at PO_0001-2) They have provided no date for Ms. Plewa.  This means that should any of those depositions reveal that other discovery is necessary, that determination will be made just weeks from the discovery cutoff ordered by the Court.

4

Finally, neither Defendants nor the Court can count on Ms. Akins, Mr. Centeno, and Ms. Plewa to appear in response to deposition notices. Each of those plaintiffs should be compelled pursuant to Rule 37 to comply with Defendants' Amended Notices of Deposition because Defendants are entitled to examine Plaintiffs about their alleged claims and damages pursuant to this Court's discovery schedule and Rules 26 and 30. Additionally, Defendants risk the time and expense of Plaintiffs' counsel unilaterally canceling depositions a third time if Plaintiffs are not court-ordered to testify.

**B.      Plaintiffs' Motion Should be Denied Because It Does Not Comply with The Court's Discovery Motions Standing Order**.

This Court's Discovery Motions Standing Order ("Standing Order") is readily available on the Court's website at http://www.ilnd.uscourts.gov/judge-info.aspx?VyU/OurKKJRDT+FUM5tZmA (last visited December 18, 2017 at 12:37 p.m. CST). Per the Standing Order, the parties are required to explain their meet and confer efforts pursuant to Local Rule 37.2 and to file a joint motion that identifies their discovery issue, each party's position, supporting legal authority and attaching the disputed discovery to the pleading. *Id*. Plaintiffs did not comply with either requirement.

**1.      Plaintiffs' Motion Should be Denied Because It Violates the Standing Order's Requirement of Local Rule 37.2 Compliance.**

Plaintiffs' motion does not identify Plaintiffs' counsel's efforts to resolve Plaintiffs' depositions dates because Plaintiffs' counsel made no effort whatsoever to comply with Local Rule 37. Although defense counsel repeatedly requested deposition dates for Plaintiffs beginning in mid-October (Group Exhibit 1 at PO_000018), Plaintiffs' counsel never provided one potential deposition date for Ms. Plewa, Ms. Akins, Ms. Lemke or Mr. Centeno and on November 3 provided November 7 as one potential deposition date for Ms. Johnson. (Group Exhibit 1 at

PO_000016) When defense counsel promptly responded November 3 that he was unavailable November 7 and proposed November 17 as an alternative date for Ms. Plewa and Ms. Johnson to be deposed Group Exhibit 1 at PO_000014-15), 13 days would go by before Plaintiffs' counsel responded. (Group Exhibit 1 at PO_000014) When Plaintiffs' counsel finally responded on November 16, she did not provide one single alternative deposition date for any of her clients. *Id*.

Faced with six weeks of Plaintiffs' stonewalling tactics in response to efforts to secure agreed deposition dates, on November 28, defense counsel emailed Plaintiffs' counsel to advise he would serve notices for the depositions of Ms. Plewa, Ms. Akins, Ms. Johnson and Mr. Centeno to take place December 12 and 13 and requested conflicts be communicated to him. (Group Exhibit 1 at PO_000011) When defense counsel asked Plaintiffs' counsel in court November 29, 2017 to confirm the December 12 and 13 deposition dates, counsel could neither confirm nor deny Plaintiffs' availability. Thus, Defendants gave Plaintiffs' one more day to advise of conflicts per their November 28 email and, hearing nothing, served deposition notices on December 1, 2017 via email. (Group Exhibit 1 at PO_000011; Group Exhibit 2)

The lack of communication by Plaintiffs' counsel in response to defense counsel's repeated efforts over two months to schedule Plaintiffs' depositions for mutually convenient dates violates Local Rule 37.2, this Court's Standing Order and its grounds to deny their Motion for protective order.

**2.  Plaintiffs' Motion Should be Denied Because It Violates the Standing Order's Requirement For The Parties To File A Joint Motion Regarding Their Dispute.**

Plaintiffs' counsel had over 10 days to contact defense counsel about the deposition notices and prepare a joint discovery motion consistent per the Standing Order if the parties could not compromise. Instead, Plaintiffs' counsel ignored it and, less than 24 hours before Ms. Plewa's properly noticed deposition, advised defense counsel who was traveling to Chicago to take the

6

depositions for the first time that Plaintiffs would not comply with the deposition notices. (Group Exhibit 1 at PO_000009)

The Court's Standing Order as well as Local Rule 37.2 are in place for a reason and litigants cannot pick and choose what rules to follow. Here, Plaintiffs and their counsel either chose to ignore or failed to read the Standing Order even though discovery commenced nearly three months ago. Either way, Plaintiffs' Motion failed to comply with more than one requirement of the Court's Discovery Motions Order and should be denied.

**C.      Plaintiff's Motion Should be Denied Because Plaintiffs Do Not Meet Their Burden of Proof Under Rule 26(c).**

On the very last page of their Motion, Plaintiffs invoke Rule 26(c)(1) but fail to identify what "good cause" exists for their protection from Defendants' timely and lawful deposition notices or to explain how the notices cause them "annoyance, embarrassment, oppression, or undue burden or expense." (Doc. 29 ¶¶25-26) Instead, Plaintiffs' suggest Rule 26(c)(1) is satisfied because of defense counsel's "refusal to compromise" on December 11, 2017 violates Local Rule 37.2 and is a "callous disregards for both the Plaintiffs' and Plaintiffs' counsel's time and resources." (Doc. 29 ¶¶16-17) Their contentions however do not satisfy their burden under Rule 26(c)(1) and, as a result, their Motion should be denied.

Again, noticeably absent in the Motion is any argument that Defendants' deposition notices are improper, violate any federal or local rule, or are untimely. This is because any such argument would fail miserably.

So instead Plaintiffs argue for Rule 26(c)'s protection because defense counsel "refused to compromise" on December 11, as he was in the process of traveling to Chicago, to set other dates for four of the five Plaintiffs' depositions. Plaintiffs have no legal support for their position and the argument is a non-starter because it is incorrect and not made in good faith. Defense counsel's

7

"refusal to compromise" comes after over two months of being stonewalled by Plaintiffs' counsel in response to efforts to set mutually agreeable deposition dates. It also is in response to Plaintiffs' counsel e-mail notification less than 24 hours before Ms. Plewa's deposition that Plaintiffs would not comply with any of the 4 deposition notices Defendants served over 10 days earlier. (Group Exhibit 1 at PO_000006-9) Defense counsel's refusal to compromise was justified and reasonable when Plaintiffs had no legal basis for their non-compliance with Defendants' timely and lawful deposition notices.

Plaintiffs' counsel may argue Mr. Newburger did not call her back on Friday December 8[2] and so she had to send an email Monday December 11 that her clients would not comply with the deposition notices. (Group Exhibit 1 at PO_000007-8) This argument proves not only that Plaintiffs' Rule 26(c) argument lacks merit, but also demonstrates Plaintiffs' counsel's lack of candor. Counsel could have easily sent defense counsel an email notification at any time between Friday December 8 after she left the voice mail and Sunday December 10. Instead, she waited until after 8 a.m. on December 11, the day before Ms. Plewa's and Mr. Centeno's depositions, to unilaterally cancel them. (Group Exhibit 1 at PO_000009) Had she sent an email the preceding Friday, Mr. Newburger would have been no happier, but his hotel reservations would have been changeable.

As further evidence of Plaintiffs' lack of good cause and candor, the Motion attaches one email over the course of nearly two months of email communications to support their Rule 26(c) argument. (Doc. No. 29 Exhibit A) When provided the entire record of communications in Group Exhibit 1, it is clear that Plaintiffs' actions, not Defendants' nor defense counsel's actions, was the

---

[2] Mr. Newburger was in the air, flying home from Denver Friday afternoon, at the time of Ms. Chatman's call.

reason why Plaintiffs sought a protective order barring them from being deposed even though the deposition notices were timely and lawful.

Plaintiffs have provided no good cause pursuant to Rule 26(c)(1) for this Court to protect them from the claimed annoyance, embarrassment, oppression, or undue burden or expense caused by Defendants' lawful and timely deposition notices. Unfortunately, their contention that Defendants should have agreed to other deposition dates on December 11 when lawful and timely deposition notices were served over ten day earlier falls woefully short of Plaintiffs' burden under Rule 26(c). Therefore, their Motion should be denied.

**D.     The Court Should Compel Plewa, Akins, and Centeno's Compliance with Defendants' Amended Notices of Deposition Pursuant to Rule 37.**

Despite the fact that Plaintiffs did not comply with Defendants' deposition notices, on December 11 Ms. Heggie and Ms. Chatman conferred via phone and email and agreed that Ms. Johnson, Mr. Centeno, and Ms. Lemke would be deposed on December 12 and December 13. (Group Exhibit 1 at PO_000004-5) However, because Plaintiffs' counsel yet again cancelled Mr. Centeno's deposition via email 28 minutes before it was to begin for an unspecified reason[3] (Group Exhibit 1 PO_000002-3), Defendants are forced to ask this Court for an order compelling the remaining Plaintiffs' depositions to proceed pursuant to Rule 37 and consistent with the amended notices of deposition served December 13, 2017. (Group Exhibit 3)

Discovery closes in two months and Defendants are entitled to examine Plaintiffs about their alleged claims and damages against them pursuant to this Court's scheduling order and Rules 26 and 30. Defendants fear that without a court order, it is inevitable that Plaintiffs will evade being deposed for a third time even after being served again with lawful and timely deposition notices.

---

[3] Andrew Finko, not Ms. Chatman, presented Ms. Johnson and Ms. Lemke for their depositions.

## III. CONCLUSION

For all the foregoing reasons, Defendants request that Plaintiffs' motion for protective order is denied, Defendants' motion to compel Ms. Plewa, Mr. Centeno, and Ms. Akins depositions consistent with Defendants' Amended Notices of Deposition served December 13, 2017 is granted and Ms. Plewa, Mr. Centeno and Ms. Akins are court ordered to appear for their depositions pursuant to the Amended Notices of Deposition attached hereto as Group Exhibit 3. Defendants seek their attorney's fees and expenses pursuant to Rule 37(a)(5).

WHEREFORE, Defendants, LVNV Funding, LLC and Resurgent Capital Services, L.P., respectfully request that this Court deny Plaintiffs' Motion for Protective Order, grant Defendants' Motion to Compel Ms. Plewa's deposition on January 19, 2018 at 9:00 a.m., Mr. Centeno's deposition on January 24, 2018 at 9:00 a.m., and Ms. Akins' deposition on January 24, 2018 at 1:00 p.m., and grant Defendants' requests for attorney's fees and expenses.

Respectfully submitted,

*/s/Corinne C. Heggie*
Corinne C. Heggie
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, Illinois 60606
Tel: 312.726.6000
cheggie@scharfbanks.com
*Local Counsel for Defendants LVNV Funding, LLC and Resurgent Capital Services, L.P.*

Manuel H. Newburger
Barron & Newburger P.C.
7320 N. MoPac Expy., Suite 400
Austin, TX 78731
Tel: 512.649.4022
mnewburger@bn-lawyers.com
*Counsel for Defendants LVNV Funding, LLC and Resurgent Capital Services, L.P.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing Defendants' Response Opposing Plaintiffs' Motion for Protective Order and Motion to Compel Plewa, Centeno, and Akins' Depositions has been served via email on the persons on the Service List below on this the 18th day of December 2017.

/s/Corinne C. Heggie
Corinne C. Heggie

### SERVICE LIST:

*Attorneys for Plaintiffs Marcelino Centeno, Jeannette Akins, Laura Lemke, Cordell Johnson, and Halina Plewa*

Celetha Chatman
Michael J. Wood
COMMUNITY LAWYERS GROUP, LTD.
73 W. Monroe
Chicago, IL 60603
(312) 757-1880
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

Andrew Finko
ANDREW FINKO P.C.
180 W. Washington Street, Suite 400
Chicago, IL 60602
312-480-0616
finkolaw@fastmail.FM