**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARCELINO CENTENO, | ) Case No. 17-CV-05233 |
| | ) |
|     Plaintiff, | ) Hon. Sara L. Ellis |
| v. | ) Magistrate Judge: Maria Valdez |
| | ) |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) |
| | ) |
|     Defendants. | ) |

| | |
|---|---|
| JEANETTE AKINS | ) Case No. 17-CV-05693 |
| | ) |
|     Plaintiff, | ) Hon. Matthew F. Kennelly |
| v. | ) Magistrate Judge: Jeffrey T. Gilbert |
| | ) |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) |
| | ) |
|     Defendants. | ) |

| | |
|---|---|
| LAURA LEMKE, | ) Case No. 17-CV-05897 |
| | ) |
|     Plaintiff, | ) Hon. Robert M. Dow |
| v. | ) Magistrate Judge: Mary M. Rowland |
| | ) |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) |
| | ) |
|     Defendants. | ) |

| | |
|---|---|
| CORDELL JOHNSON, | ) Case No. 17-CV-06098 |
| | ) |
|     Plaintiff, | ) Hon. Virginia M. Kendall |
| v. | ) Magistrate Judge: Sheila M. Finnegan |
| | ) |
| LVNV FUNDING, LLC | ) |
| | ) |
|     Defendant. | ) |

1

| | |
|---|---|
| HALINA PLEWA | ) Case No. 17-CV-06676 |
| | ) |
| Plaintiff, | ) Hon. Charles R. Norgle, Sr. |
| | ) Magistrate Judge: Daniel G. Martin |
| v. | ) |
| | ) |
| LVNV FUNDING, LLC and RESURGENT | ) |
| CAPITAL SERVICES, L.P. | ) |
| | ) |
| Defendant. | ) |

## MOTION TO COMPEL THE DEPOSITIONS OF
## PLAINTIFF HALINA PLEWA AND HER ATTORNEY, CELETHA CHATMAN

Defendants, LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, L.P. ("Resurgent"), by their attorneys, move to compel the depositions of Plaintiff Halina Plewa and her attorney, Celetha Chatman, pursuant to Fed. R. Civ. Pro. 37, and state as follows:

### INTRODUCTION

This case has been characterized by gamesmanship on the part of Plaintiffs and their attorneys. First, there has been a pattern of obstructing discovery. For a period of two months, Plaintiffs' counsel would not cooperate in setting deposition dates. Centeno and Plewa) have failed to appear at least once for a deposition, and Plewa has failed to appear twice. In addition, Plaintiffs' counsel Ms. Chatman has should have known before these cases that she was a material fact witness, and she has certainly had actual knowledge of that fact since Defendants' initial disclosures; nevertheless, she has refused to be deposed as to facts of which *only she* could have personal knowledge.

### FACTS

Defendants have been trying to secure the depositions of the plaintiffs since October, 2017. On December 1, 2017, after Plaintiffs repeatedly failed to provide dates, Defendants served on Plaintiffs' counsel notices of intent to take the depositions of four of the plaintiffs. As

2

is evidenced by Exhibit 1, the notices provided for the following schedule:

> Halina Plewa - December 12, 2017, at 9:00 a.m
> Marcelino Centeno - December 12, 2017, at 1:00 p.m.
> Jeanette Akins - December 13, 2017, at 9:00 a.m.
> Cordell Johnson - December 13, 2017, at 1:00 p.m.

As is evidenced by Exhibit 2, Ms. Chatman waited until December 11, 2017, when Mr. Newburger was already on his way to Chicago (with non-refundable flights and no longer cancelable hotel reservations) to send an email stating:

> Plewa is unable to be deposed the mourning of December 12th at 9:00 am, and Centeno is unable to be deposed the afternoon of December 12 at 1:00pm. Centeno is available to be deposed on December 13th at 1:00 pm. Also, Ms. Johnson is unavailable to be deposed on December 13, 2017 at 1:00 pm. Ms. Johnson is available to be deposed on December 12, 2017 at 10:00 am. Ms. Akins, is not available to be deposed on December 13, 2017 at 9:00 am. Ms. Akins is available to be deposed December 14. Lastly, Ms. Lemke, the last Plaintiff who you did not notice up for a deposition is available to be deposed on December 13th at 9:00 am, if you would like to do two depositions, on December 13th. I will get back to you by the end of the week with Ms. Plewa's availability.

Reluctantly, but to salvage the expense of Mr. Newburger's trip, Defendants agreed to depose Plaintiffs Johnson, Centeno, and Lemke on December 12 and 13, 2017. However, notwithstanding her agreement to present Mr. Centeno for deposition, on December 13, 2017, at 12:32 p.m., 28 minutes before the Centeno deposition was to start, Ms. Chatman sent an email stating that he would not be appearing. *See* Exhibit 3. No explanation of Mr. Centeno's alleged emergency has ever been provided.

As the Court knows from the hearing conducted on December 20, 2017, Ms. Chatman did not provide a date for Ms. Plewa's deposition, and it was necessary for the Court to order that the deposition take place. The deposition was noticed to take place at 9:00 a.m. on January 25, 2018. Ms. Plewa and her attorneys wholly failed to appear. At 9:49 a.m. on January 25, Ms. Chatman sent an email stating that Ms. Plewa would not be appearing. *See* Exhibit 4. No

3

explanation was provided for Ms. Chatman's failure to appear. Mr. Newburger will now have to make a *third* trip to Chicago to depose Ms. Plewa. Even if Ms. Plewa actually was in the hospital on January 25 (a claim that is presently unsubstantiated), there would have been no issue had she not refused to appear in December tor a timely-noticed deposition.

It took two trips to Chicago for Mr. Newburger to depose Mr. Centeno, because he first tried to disregard a timely deposition notice and he then violated the agreement of his attorney to appear in December. Mr. Newburger has now made two trips to Chicago, attempting to depose Ms. Plewa, and Defendants still have not been able to take her deposition. Mr. Newburger also traveled to Chicago to depose Ms. Chatman on January 25, 2018, but she has refused to appear and be deposed and ignored both a notice of intent to depose her and a subpoena (which had to be substitute served upon her because she evaded service).

Ms. Chatman's refusal to be deposed is without justification. She is the author of the letters forming the basis of each Plaintiff's claims. Four of the Plaintiffs have testified that they had nothing to do with the drafting of the letters. The only person who can explain the wording of the letters, why that wording has been misrepresented to the Court in each of the Plaintiffs' complaints, and why she failed to use the unambiguous wording of similar letters that are the subject of suits she has been prosecuting for as much as a year before the letters that she sent to LVNV of behalf of the above-named Plaintiffs. She has known that she was designated as one of Defendants' witnesses since Defendants made their disclosures October 19, 2017, yet she voiced no objections until Defendants sought to depose her.

In addition to the discovery gamesmanship, there is the astounding testimony of Plaintiff Jeanette Akins. In her deposition on January 24, 2018, Ms. Akins testified under oath that she has no intention of going to trial. Her attorneys have been prosecuting a case for a plaintiff who

4

does not actually intend to go to trial. Such conduct is a fraud on the Court, and it has caused Defendants to incur the expense of deposing Ms. Akins.

Defendants seek appropriate sanctions to remedy the harm caused by Ms. Plewa and Ms. Chatman. At a minimum they seek the fees and costs that they will incur in having Mr. Newburger return to Chicago to depose Ms. Chatman and Ms. Plewa. Defendants also ask that in light of the misconduct of Plaintiffs' counsel in obstructing discovery Plaintiffs be barred from deposing Defendants.

## ARGUMENT

**1. Legal Standard**

This Court should sanction Ms. Plewa and Ms. Chatman pursuant to Fed. R. Civ. Pro. 37(b) and (d) for failing to appear for her court-ordered deposition on January 25, 2018. Sanctions under Rules 37(b) and (d) are appropriate where a party fails to attend her own deposition for which she had proper notice. *See Pendell v. City of Peoria*, 799 F.3d 916, 917-18 (7th Cir. 2015) (finding Rule 37(d) permitted dismissal where the plaintiff twice failed to appear for deposition despite plaintiff's contention that a stroke caused her absence); *Halas v. Consumer Servs.*, 16 F.3d 161, 164-65 (7th Cir. 1994) (finding that Rules 37(b) or (d) permitted circuit court's dismissal of pro se plaintiff's cause of action for failing to appear at his deposition – even without a court order compelling the deposition).

While Rule 37(b) and (d) provide this Court discretion to issue the sanctions listed under Rule 37(b)(2)(A), or others, Rule 37(d)(3) requires this Court to order Ms. Plewa and Ms. Chatman to pay for the reasonable expenses, including attorney's fees, caused by his failure to appear for a properly noticed deposition, unless *substantially* justified. *See Simons v. Fox*, No. 14 C 309, 2016 U.S. Dist. LEXIS 108913, *2 (N.D. Ill. 2016) ("The Rule specifically requires

5

the party failing to act to 'pay the reasonable expenses, including attorneys' fees, caused by the failure.'") (quoting Rule 37(d)(3)).

Finally, this Court should consider the deterrent effect issuing sanctions will have on future conduct by Plaintiffs who have collectively demonstrated gamesmanship throughout the discovery process. *See NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (affirming dismissal as an appropriate sanction under Rule 37 not only to penalize the plaintiff's conduct, "but to deter those who might be tempted to such conduct in the absence of such a deterrent."); *Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.*, No. 07 C 4023, 2008 U.S. Dist. LEXIS 34471, *14-15 (N.D. Ill. 2008) (discussing the deterrence purpose of Rule 37). "At bottom, Rule 37's purpose is not merely to compensate the aggrieved party, but to discourage future misconduct. *Chapman v. General Board of Pension & Health Benefits of the United Methodist Church*, No. 09 C 3474, 2010 U.S. Dist. LEXIS 66618, *13-14 (N.D. Ill. 2010).

On January 26, 2018, Ms. Chatman and Ms. Heggie conferred pursuant to Local Rule 37.2. Ms. Chatman could not answer Defendants' request that Plaintiffs pay for Mr. Newberger's fees and costs associated with travel to Chicago to depose Ms. Plewa. See Exhibit 5. Ms. Chatman also offered no fourth date for a deposition before the February 12, 2018 discovery close date. Ms. Chatman wanted to speak to Ms. Plewa, which she had not done. Given the fact Ms. Plewa's third failure to appear for deposition is on the eve of the discovery close date, a date Defendants have no intention of compromising, Ms. Heggie advised Ms. Chatman Defendants would file a motion.

## CONCLUSION

WHEREFORE, Defendants, LVNV Funding, LLC and Resurgent Capital Services, L.P., respectfully request that their motion is granted, that Plaintiff Plewa and her attorney, Ms.

6

Chatman, be court ordered to be deposed, that Ms. Plewa and Ms. Chatman be ordered to pay Mr. Newburger's reasonable fees and costs (including airfare and hotel costs) for having to return to Chicago yet a third time to depose Ms. Plewa and a second time to depose Ms. Chatman. Defendants further pray that they be awarded their reasonable fees and costs related to the filing and presentation of this motion. Finally, Defendants pray that Plaintiffs be barred from deposing Defendants.

Respectfully submitted,

*/s/Corinne C. Heggie*
Corinne C. Heggie
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, Illinois 60606
Tel: 312.726.6000
cheggie@scharfbanks.com
*Local Counsel for LVNV Funding, LLC and Resurgent Capital Services, L.P.*

/s/ Manuel H. Newburger
Manuel H. Newburger
Barron & Newburger PC
7320 N. MoPac Expy.
Suite 400
Austin, TX 78731
Tel: 512.649.4022
mnewburger@bn-lawyers.com
*Counsel for Defendant LVNV Funding, LLC and Resurgent Capital Services, L.P*

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing Motion to Compel the Depositions of Plaintiff Halina Plewa and Her Attorney, Celetha Chatman has been served via email on the persons on the Service List below on this, the 26th day of January, 2018.

/s/ Manuel H. Newburger
Manuel H. Newburger

**SERVICE LIST:**

| | |
|---|---|
| *Attorneys for Plaintiffs Marcelino Centeno, Jeannette Akins, Laura Lemke, Cordell Johnson, and Halina Plewa* | Celetha Chatman<br>Michael J. Wood<br>COMMUNITY LAWYERS GROUP, LTD.<br>73 W. Monroe<br>Chicago, IL 60603<br>(312) 757-1880<br>cchatman@communitylawyersgroup.com<br>mwood@communitylawyersgroup.com<br><br>Andrew Finko<br>ANDREW FINKO P.C.<br>180 W. Washington Street, Suite 400<br>Chicago, IL 60602<br>312-480-0616<br>finkolaw@fastmail.FM |