**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARCELINO CENTENO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 5233 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LVNV FUNDING, LLC and RESURGENT | ) | |
| CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |
| JEANETTE AKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 5693 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LVNV FUNDING, LLC and RESURGENT | ) | |
| CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |
| LAURA LEMKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 5897 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LVNV FUNDING, LLC and RESURGENT | ) | |
| CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |
| CORDELL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 6098 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LVNV FUNDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>OPINION AND ORDER</u>**

Counsel for Plaintiffs Marcelino Centeno, Jeannette Akins, Laura Lemke, and Cordell Johnson sent letters to Defendant LVNV Funding, LLC ("LVNV"), which owns Plaintiffs' debt, indicating, among other things, that "the debt reported on the credit report is not accurate." After LVNV did not report their debts as disputed despite this notice, Plaintiffs filed individual lawsuits against LVNV and, in all cases except Johnson's, Resurgent Capital Services, L.P. ("Resurgent"), which are all now pending before this Court as related actions. Plaintiffs claim that Defendants violated § 1692e(8) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8), which prohibits the failure to communicate that a disputed debt is disputed.[1] Defendants filed a motion for summary judgment.[2] Because Plaintiffs' letters conveyed a dispute about their debt and Defendants failed to communicate that their debt was disputed, Defendants violated § 1692e(8), requiring the denial of their motion for summary judgment.

## BACKGROUND[3]

Centeno, Akins, and Lemke had Credit One credit card accounts. Johnson had an HSBC credit card account. Plaintiffs all defaulted on these accounts. Thereafter, LVNV, a licensed collection agency, acquired Plaintiffs' debt. It assigned Centeno's, Akins', and Lemke's debts to Resurgent for collection.

---

[1] Plaintiffs have withdrawn their assertion of actual damages and only seek statutory damages for the alleged FDCPA violations. *See* Doc. 93 ¶ 74.

[2] In responding to Defendants' motion for summary judgment, Plaintiffs filed a cross-motion for summary judgment. Doc. 97. The Court struck the cross-motion for summary judgment and deemed the memorandum filed in connection therewith a response to Defendants' motion. *See* Doc. 104. The Court only addresses the arguments raised by Defendants' motion, and not the additional arguments in Plaintiffs' response, in this Opinion.

[3] The facts in this section are derived from the Joint Statement of Undisputed Material Facts. Plaintiffs filed a separate statement of facts in connection with their cross-motion for summary judgment. *See* Doc. 97-2. Many of the additional statements already appear in the Joint Statement, with the remainder irrelevant to the issue before the Court. All facts are taken in the light most favorable to Plaintiffs, the non-movants.

In 2017, counsel for Plaintiffs drafted and faxed letters on behalf of each Plaintiff to LVNV. Those letters stated, in relevant part:

> The above referenced client is represented by our firm regarding all matters in connection with the above referenced debt. Please direct any future communication regarding the account to our office. This client regrets not being able to pay, however, at this time they are insolvent, as their monthly expenses exceed the amount of income they receive, and the debt reported on their credit report is not accurate. If their circumstances change, we will be in touch.

Doc. 93 ¶ 16.[4]

Upon receipt of the letters, Resurgent followed its written policy for letters received by LVNV, having the Resurgent correspondence team review the letters, mark the respective accounts as attorney representation and consumer hardship documented, and forward the letters to any collection agencies that had previously contacted the consumer. After LVNV received the letters, LVNV communicated credit information regarding the alleged debts to consumer reporting agencies. LVNV did not report that Plaintiffs disputed the debts. Additionally, Resurgent and LVNV did not update credit reports to indicate a dispute for any of the Plaintiffs.

Each Plaintiff acknowledges that he or she owes the debt at issue and would pay it if circumstances allowed. None of them filed a dispute regarding the debt with the issuers. Plaintiffs all testified that the letters could be interpreted in more than one way so as to render it ambiguous.

---

[4] The letters drafted by counsel reflect an evolution of language counsel has used over the last several years in sending similar letters to debt collectors. For example, counsel has also sent letters indicating that "the consumer disputes this debt" or "the amount you are reporting is not accurate" in place of the language used in the letters at issue here, "the debt reported on their credit report is not accurate." *See* Doc. 93 ¶¶ 16, 45, 47, 49. The Court does not find Plaintiffs' counsel's behavior in other cases or motivations in using the specific language here, as opposed to that used in other cases, relevant to the resolution of these cases.

**LEGAL STANDARD**

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**ANALYSIS**

To establish a claim under the FDCPA, Plaintiffs must prove that (1) Defendants qualify as "debt collectors" as defined in § 1692a(6), (2) Defendants took the actions of which Plaintiffs complain "in connection with the collection of any debt," and (3) the actions violated one of the FDCPA's substantive provisions. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) (citation omitted) (internal quotation marks omitted). In their motion for summary judgment, Defendants argue that Plaintiffs cannot prevail on their FDCPA claim because they cannot establish a violation of § 1692e(8), which prohibits "[c]ommunicating or threatening to

4

communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."[5]  15 U.S.C. § 1692e(8).  Specifically, Defendants maintain that the letters counsel sent on Plaintiffs' behalf did not raise a dispute about Plaintiffs' debt, meaning Defendants did not fail to communicate that Plaintiffs' debt were disputed after receiving the letters.

The Seventh Circuit addressed almost the exact language used in the letters in *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337 (7th Cir. 2018).  In *Evans*, counsel sent a letter stating, in relevant part:

> This client regrets not being able to pay, however, at this time they are insolvent, as their monthly expenses exceed the amount of income they receive, and the amount reported is not accurate.  If their circumstances should change, we will be in touch.

*Id.* at 342.  As here, the plaintiffs in *Evans* argued that the defendant violated § 1692e(8) by reporting the plaintiffs' debts to credit reporting agencies without noting the dispute.  *Id.* at 346. While noting that § 1692e(8) does not define "dispute," the Seventh Circuit found the ordinary meaning of "dispute" clear, citing to the definition in the Merriam-Webster Dictionary of "to call into question or cast doubt upon."  *Id.*  In light of this definition, the Seventh Circuit concluded that the language "the amount reported is not accurate" conveyed a dispute of a debt, finding "simply no other way to interpret this language."  *Id.* at 346.  So too, here, the Court finds no other way to interpret the language "the debt reported on the credit report is not accurate" except as conveying a dispute of the debt.  *See Francisco v. Midland Funding, LLC*, No. 17 C 6872, 2019 WL 498936, at *5 (N.D. Ill. Feb. 8, 2019) (concluding that, in light of *Evans*, defendant could not argue that this language did not signify a dispute under § 1692e(8)).  No marked

---

[5] Defendants do not make any argument regarding the first two elements of an FDCPA claim.  Although Plaintiffs argue that the undisputed facts establish that these elements are met in their response brief, as discussed in note 2, the Court does not address these elements in this Opinion because Defendants only moved for summary judgment on the third element, whether Defendants' actions violated § 1692e(8).

difference exists between the language before the Court and that in *Evans*. In both cases, the debtor's counsel indicates that the debtor calls into question the reported debt. This suffices to require the debt collector to report the debtor's dispute of the debt to credit reporting agencies. *See Evans*, 889 F.3d at 346.

Defendants argue that this case differs from *Evans* because the language counsel used is ambiguous, which even Plaintiffs acknowledged. Defendants appear to argue that the letters could be read as either disputing the debt or the accuracy of the credit reporting agencies' reports. The Court fails to see a meaningful distinction—under either reading, Plaintiffs call into question the reported debt—and so no intrinsic ambiguity exists. And although counsel could have used more precise language, "[s]ection 1692e(8) does not require that the Letter use the word 'dispute.'" *Id.* at 347.

Defendants alternatively argue that Plaintiffs' deposition testimony, in which they acknowledged that the language in the letters could have more than one meaning, creates an extrinsic ambiguity and renders Defendants' failure to classify the letters as a dispute reasonable. An extrinsic, or latent, ambiguity exists where, "although a contract appears unambiguous, a disputed term actually means something different from what it appears to mean on its face." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 876 (7th Cir. 2001). A party can use extrinsic evidence to establish an extrinsic ambiguity, but the "extrinsic evidence must be objective; that is, it must not depend on the credibility of testimony (oral or written) of an interested party," including a party to the litigation.[6] *Mathews v. Sears Pension Plan*, 144 F.3d 461, 467 (7th Cir. 1998). Here, Defendants point only to Plaintiffs' testimony, and not to objective admissible evidence, in their attempt to create an ambiguity. *See Home Ins. Co. v. Chicago & Nw. Transp. Co.*, 56 F.3d

---

[6] The Court acknowledges that the typical situation, where an interested party advocates for the construction in its favor, does not exist here, but Defendants do not present any caselaw to support the Court's consideration of Plaintiffs' deposition testimony to establish an extrinsic ambiguity.

763, 768–69 (7th Cir. 1995) (addressing extrinsic ambiguity under Illinois law and contrasting inadmissible subjective evidence, such as the testimony of the parties as to what they believe the contract means, and admissible objective evidence, "such as custom or usage of the trade"). Because this does not suffice to establish an extrinsic ambiguity, the Court does not find a basis to stray from *Evans*.[7]

Finally, reprising an argument dismissed by the *Evans* court, Defendants argue that Plaintiffs do not actually dispute their debt and the record does not show any actual disputes concerning the debt, meaning that regardless of how the Court interprets the language in the letters, Defendants did not have to report the debt as disputed. But, as the *Evans* court stated, "Section 1692e(8) does not require an individual's dispute be valid or even reasonable," with the reporting obligation triggered by a plaintiff "simply mak[ing] clear that he or she disputes the debt." *Evans*, 889 F.3d at 347. This means that, having received the letters indicating a dispute, Defendants had to report such a dispute even if they disagreed or the record does not support the existence of a dispute. *Id.* (declining to read into § 1692e(8) a pre-suit validation requirement); *Francisco*, 2019 WL 498936, at *5 (finding § 1692e(8) violation even though defendant argued that plaintiff "never substantiated a genuine reason why she did not owe the debt").

In summary, instead of requiring judgment in Defendants' favor, the undisputed facts establish a violation of § 1692e(8). But the Court cannot *sua sponte* enter summary judgment for Plaintiffs on their FDCPA claim at this time. *See Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015) (before entering summary judgment on its own motion, the Court must provide the party notice of the possibility and a reasonable opportunity to respond

---

[7] Further, Plaintiffs' testimony would not change the conclusion that the letters raised a dispute. Adopting Defendants' construction that the language raises a dispute concerning the credit reporting agency's reports of the debt, the language still conveys that Plaintiffs had a dispute with the debt. And in directing that dispute to Defendants, Plaintiffs placed Defendants on notice of a dispute that Defendants had to report to the credit reporting agencies.

"even where . . . the party has already sought and failed to obtain summary judgment in its favor"). Defendants only moved for summary judgment on the third element of an FDCPA claim, meaning the Court has not had occasion yet to address the remaining elements of the claim or any potential defenses.[8] Given the Court's determination that a violation occurred, the Court orders the parties to confer and report back to the Court as to their preferred course of action to fully resolve Plaintiffs' claims.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion for summary judgment [91].

Dated: May 20, 2019

_____
SARA L. ELLIS
United States District Judge

---

[8] From their answers to the complaints, the Court does not discern any remaining potentially valid defenses to Defendants' liability.