UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCELINO CENTENO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 5233 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |
| JEANETTE AKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 5693 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |
| LAURA LEMKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 5897 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |
| CORDELL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 6098 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LVNV FUNDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court denies Defendants LVNV Funding, LLC and Resurgent Capital Services, LP's motion for reconsideration [116]. See Statement.

## STATEMENT

Counsel for Plaintiffs Marcelino Centeno, Jeannette Akins, Laura Lemke, and Cordell Johnson sent letters to Defendant LVNV Funding, LLC ("LVNV"), which owns Plaintiffs' debt, indicating, among other things, that "the debt reported on the credit report is not accurate." After LVNV did not report their debts as disputed despite this notice, Plaintiffs filed individual lawsuits against LVNV and, in all cases except Johnson's, Resurgent Capital Services, L.P. ("Resurgent"), which are all now pending before this Court as related actions. Plaintiffs claim that Defendants violated § 1692e(8) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8), which prohibits the failure to communicate that a disputed debt is disputed. On May 20, 2019, the Court denied Defendants' motion for summary judgment, concluding that Defendants violated § 1692e(8) because Plaintiffs' letters conveyed a dispute about their debt and Defendants failed to communicate that their debt was disputed. Doc. 113. But because the Court had not had occasion to address the other elements of Plaintiffs' FDCPA claim, the Court ordered the parties to confer and report back to the Court as to their preferred course of action to fully resolve Plaintiffs' claims. *Id.* at 8. In response, Defendants filed a motion for reconsideration of the summary judgment ruling, arguing that the Court misconstrued two of their arguments concerning the appropriate construction of the language in Plaintiffs' letters that "the debt reported on the credit report is not accurate." Doc. 116.

Under Federal Rule of Civil Procedure 54(b), the Court has the inherent authority to reconsider its interlocutory orders because such orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). The standards for motions for reconsideration under Rule 54(b) are largely the same as those under Rule 59(e). *See Siemens Transformadores S.A. de C.V. v. Soo Line R.R. Co.*, No. 10 C 3750, 2012 WL 1938848, at *1 (N.D. Ill. May 29, 2012) (collecting cases). Motions for reconsideration serve a limited purpose and are "only appropriate where the court has misunderstood a party, where a court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)), *overruled on other grounds*, *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013).

Defendants argue that the Court erred when it equated the language at issue in this case, "the debt reported on their credit report is not accurate," with "the amount reported is not accurate," language the Seventh Circuit concluded violated § 1692e(8) in *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 342 (7th Cir. 2018). They also contend that the Court failed to understand that their arguments for finding Plaintiffs' language did not amount to a dispute of the debt purportedly differ significantly from the arguments raised in *Evans*. While

Defendants disagree with the Court's analysis and conclusion, the Court did not misunderstand or misconstrue Defendants' arguments. The Court specifically rejected their arguments in its Opinion, and Defendants' motion amounts to nothing more than an attempt to obtain a second bite at the apple. *See Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Ace Hardware Int'l Holdings Inc. v. Masso Expo Corp.*, No. 11 C 3928, 2012 WL 182236, at *3 (N.D. Ill. Jan. 23, 2012) ("Motions for reconsideration do not provide a party with the opportunity to take a second bite at the apple or raise new arguments that it did not make in the first instance."). The Court already thoroughly considered Defendants' arguments and rejected them. Defendants' mere disagreement with the Court's analysis does not form a basis for reconsideration. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent").

Fundamentally, Defendants appear to contend that Plaintiffs cannot recover for a violation based on a "false statement by a lawyer that disputes exist when, in fact, they do not." The Court has not addressed an unclean hands defense in this case, and courts in this district have concluded that such a defense does not apply to § 1692e(8). *See Bielawski v. Midland Funding LLC*, No. 18 C 2513, 2019 WL 4278042, at *6 (N.D. Ill. Sept. 10, 2019); *Francisco v. Midland Funding, LLC*, No. 17 C 6872, 2019 WL 1227791, at *2–3 (N.D. Ill. Mar. 15, 2019). In their reply to the motion for reconsideration, Defendants chart a slightly different course, more explicitly focusing on Plaintiffs' counsel's actions. Defendants argue that some of Plaintiffs' counsel have taken a contrary stance about the content of the letters at issue here in connection with disciplinary proceedings initiated against them, which undermines the Court's finding that the language used in the letters conveyed a dispute. Aside from the inappropriateness of raising this argument at this late stage and the questionable relevance of counsel's stance,[1] the Court does not read counsel's representations in the disciplinary proceeding to exclude the position Plaintiffs advocate in this case. Because the Court finds no basis to deviate from its May 20, 2019, Opinion, and at least one other court in this district has reached the same conclusions, *see Bielawski*, 2019 WL 4278042, at *5–6, the Court denies Defendants' motion for reconsideration.[2]

---

[1] The letter Defendants refer to is dated June 21, 2018, and was sent to Defendants' counsel on June 22, 2018. Defendants had this information prior to filing their summary judgment motion but only chose to raise it in their reply to the motion for reconsideration. Defendants cannot introduce new arguments or evidence at such a late stage, particularly where they could have raised this information in connection with the summary judgment briefing. *See Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." (citation omitted)). And contrary to Defendants' arguments, Plaintiffs did not raise any new arguments in their response to the motion for reconsideration that would warrant such a belated introduction of this material.

[2] Defendants' additional cited authority does not change this Court's analysis. The court in *Irvin v. Nationwide Credit & Collection, Inc.*, No. 18 C 2945, 2019 WL 4450503, at *3 (N.D. Ill. Sept. 10, 2019)

Date:  October 24, 2019                                  /s/  Sara L. Ellis

---

held that plaintiffs failed to produce evidence that defendant had actual knowledge that plaintiffs were disputing their debts where plaintiffs' counsel sent the letters to a fax machine that defendant did not use for receiving credit disputes.  Because plaintiffs had no evidence that defendant was aware of the disputes, the court found that defendant had no duty to communicate those disputes with the credit reporting agencies and granted summary judgment in favor of defendant.  *Id.* This factual scenario is distinguishable from this case where the parties agree that Defendants received the letters indicating a dispute but, nonetheless, failed to communicate that information with the credit reporting agencies.  While the court negatively commented on plaintiffs' counsel's conduct in sending the letters to a fax machine number not used for receiving dispute letters, the court did not find that this was an example of "sham disputes by attorneys whose clients do not actually dispute their debts" and use such finding as a basis for granting summary judgment as claimed by Defendants. Doc. 134.  Rather, the court found that plaintiffs' counsel's behavior in consciously using the wrong fax number was an attempt to avoid defendant's debt reporting procedures in order to manufacture a lawsuit – which ultimately backfired.  *Irvin*, 2019 WL 4450503, at *4.